R. A. Klefeker v. Commissioner.
Klefeker v. Commissioner
Docket No. 20971.
United States Tax Court
1951 Tax Ct. Memo LEXIS 153; 10 T.C.M. (CCH) 677; T.C.M. (RIA) 51221; July 31, 1951
*153 Emett C. Choate, Esq., and Douglas D. Felix, Esq., for the petitioner. Percy C. Young, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding was initiated to test the correctness of the respondent's determination of deficiencies in income tax for the years 1943 and 1944, in the respective amounts of $10,862.15 and $9,012.01. The question for decision is the validity of a family partnership between petitioner and his wife, R. B. Klefeker, during the taxable years. Findings of Fact The petitioner and his wife, R. B. Klefeker, are individuals who resided in Miami, Florida, at all times pertinent herein. Petitioner filed his income tax returns for the taxable years 1943 and 1944 with the collector of internal revenue at Jacksonville, Florida. Petitioner moved to Florida in 1925, prior to which time he resided in Oklahoma City, Oklahoma. Immediately prior to coming to Florida petitioner was employed as a salesman at a salary of $50 per week, and at that time he was possessed of no property or money other than his weekly salary which was used for the support of himself, his wife, and six small children. In 1924 and 1925 petitioner's *154 wife, R. B. Klefeker, in order to help the family finances, engaged in manufacturing and selling candy, the manufacturing being conducted at the family home in Oklahoma City. Immediately prior to the time petitioner came to Florida his wife had on hand money from the profits of the candy business and from other sources and also owned a house in Oklahoma City. A portion of her wealth came originally from her father and from a legacy left by an aunt. In October, 1925, after having advanced $1,000 to petitioner, the latter's wife still had deposits in the American National Bank of Oklahoma City of $1,335.24. Petitioner and his brother, Paul W. Klefeker, visited Miami, Florida, in February, 1925, to ascertain the advisability of opening a produce business there and thereafter, in August, 1925, petitioner moved to Miami and with the funds advanced him by his wife opened a bank account in the name of his wife, R. B. Klefeker, with the authority in himself to draw on that account. With the use of funds from that bank account petitioner thereafter opened and operated a vegetable business in the name of R. B. Klefeker at 1338 N. E. Second Avenue, Miami, Florida. Petitioner's wife, R. *155 B. Klefeker, mortgaged her home in Oklahoma City in 1924 and loaned the net proceeds of $2,037.38 to petitioner's brother, Paul W. Klefeker, and Ella S. Klefeker, Paul's wife, taking a promissory note dated February 24, 1925. This money was loaned to Paul and Ella to persuade them to come to Florida to join in the produce business which R. A. Klefeker and R. B. Klefeker had begun in a small way in Miami. Paul W. Klefeker came to Miami in October, 1925, and immediately thereafter purchased a one-half interest in the business of R. B. Klefeker by the contribution of equipment and cash to that business. The name of the business was then changed to Klefeker Bros. A new bank account was then opened in the name of Klefeker Bros. with money withdrawn from the R. B. Klefeker account. Petitioner's wife, in addition to the abovementioned funds, contributed limited services to the business during this period. In 1927 petitioner's wife, R. B. Klefeker, purchased the interest of Paul W. Klefeker and the assets of Klefeker Bros. by cancelling the note given to her in 1925 for the money theretofore loaned to him and by the transfer of some minor assets. After the withdrawal of Paul the assets *156 of the business were owned solely by R. B. Klefeker, petitioner's wife, and that business was thereafter operated in the name of "Klefeker Produce Company" until 1930. During that period petitioner and his wife both contributed services to the business. In March, 1930, R. B. Klefeker exchanged the assets of Klefeker Produce Company for all of the capital stock of Klefeker Produce, Inc., which stock was issued as follows: 48 shares
R. B. Klefeker (wife)
1 share
R. A. Klefeker (petitioner)
1 share
E. A. Klefeker (petitioner's
daughter)
Total
50 shares
Klefeker Produce, Inc., was operated from 1930 to 1942, approximately 13 years with petitioner as president, R. B. Klefeker, vice president and secretary, and E. A. Klefeker, daughter of petitioner, as treasurer. During the life of the corporation petitioner was paid a salary ranging from $5,000 to $6,000. Only one dividend was paid by Klefeker Produce, Inc. This dividend was paid in 1932 in the amount of $10,000. R. B. Klefeker's part of this dividend was $9,600 and was reported by her in her income tax return for the calendar year 1932. R. B. Klefeker was actively engaged in rendering services *157 to the Klefeker Produce, Inc., during the entire life of the corporation. Klefeker Produce, Inc., was dissolved by operation of law on account of the nonpayment of Florida Capital Stock taxes on June 30, 1942, but the stockholders of that corporation did not learn of its dissolution until about November of that year. The business was operated through December, 1942, as though the corporate charter had not been revoked. Petitioner's wife, R. B. Klefeker, was the beneficial owner of all the corporate stock and with the dissolution of the corporation she became the owner of all the corporate assets. During that period petitioner and R. B. Klefeker discussed the formation of a partnership. From 1925 to 1942 petitioner's wife worked from four to five days a week in the produce business calling on local and out of town customers, going down to the warehouse, collecting difficult accounts, and attending to other details of the business. During September, October, and November, 1942, petitioner's wife loaned to the business approximately $3,000. In January, 1943, petitioner and his wife, R. B. Klefeker, entered into an oral partnership agreement. Under this agreement petitioner's wife *158 contributed the net assets of the Klefeker Produce, Inc., that were hers by virtue of the dissolution of that corporation and the petitioner agreed to supervise and manage the business, giving his entire time thereto. It was agreed that he and his wife would be equal partners. Petitioner and his wife each filed during 1943 estimated income tax declarations for the year 1943, each declaring on the basis of one-half of the estimated profits of the business. Payments under these declarations accompanied the declarations and were made by checks drawn on the business and those checks were charged to petitioner and R. B. Klefeker as withdrawals. The partnership information return was filed for the calendar years 1943 and 1944 by the Klefeker Produce Company. Individual income tax returns for the petitioner and his wife were filed wherein each reported the distribution of equal shares of the earnings from the Klefeker Produce Company and they paid the tax reported on those returns. No partnership books, including capital accounts, were set up for the partnership until January or February, 1944. Respondent determined that petitioner was the sole owner of the Klefeker Produce Company *159 and taxed him on all the net income from the business. Opinion ARUNDELL, Judge: From the findings of fact it is clear that petitioner's wife furnished the capital under which the partnership operated and, in fact, she was the one who furnished the capital when the business was started in a small way back in 1925. During most of the life of the business petitioner's wife, R. B. Klefeker, also rendered important services to the business, although after a heart attack in 1943 she was able to render little in the way of services. The findings that have been made in this case are in substantial agreement with findings proposed by the respondent. These facts lead to only one conclusion and that is that a genuine and real partnership existed between petitioner and his wife during the taxable years, and it follows that respondent erred in taxing the entire income of the business to petitioner. Decision will be entered under Rule 50.